Richard S. Heller, J.
Claimant was injured while a patient at Buffalo State Hospital on January 15, 1957 at approximately 6:30 p.m. when she slipped on or fell over a dustpan left on the floor by one of the attendants.
The claim was filed on August 16, 1957 and has not been assigned. The original claimant, as committee, is no longer a party as Earline Hoyt is now a competent person.
Earline Hoyt had been a patient at the Buffalo State Hospital for some period of time when she was moved from Ward 13 to Ward 23 where the accident occurred. Ward 23 was a portion of the hospital attended by registered nurses and was made up of patients who needed more attention for their condition than did those in Ward 13. The supervisor of the hospital described the patients in Ward 23 as “ more reckless
Patients in Ward 23 had their living quarters known as the dayroom apart from their sleeping quarters and the washrooms and toilets. To go from the bedroom to the toilets, a patient would come down a hallway into the dayroom and then by turning to the right would enter another hallway leading to the washroom.
After dinner, on January 15, 1957, the claimant started from her bedroom for the washroom. She went down the hallway into the dayroom and turned to go to the washroom. Near the entrance to the hallway from the dayroom to the washroom, she slipped or fell over a dustpan and was injured. The dustpan had been placed against the wall by one of the attendants. Some dispute exists as to whether it was on the floor or leaning against the wall. In any event the claimant fell and this claim resulted.
The State is under a duty to take every reasonable precaution to protect the patients of its various institutions from injury. The degree of care to be observed is measured by the patient’s physical deficiencies as known to the employees of the institution. (Zajaczkowski v. State of New York, 189 Misc. 299, citing other authorities.)
The dustpan and a broom had been taken from a locker so that one of the patients could clean up after the dinner hour. No patient was allowed to use both at the same time. While the patient was sweeping, the dustpan was placed near the floor instead of on a nearby desk or in the locker which was the proper place. This act, in a ward where patients are known to be reckless, of placing an obstruction on the floor is, in the opinion of the court, negligence. All the more so when one considers that it is in direct route to the washroom.
*941 It is the further opinion of the court that the claimant was not guilty of contributory negligence and that she is entitled to an award for her injuries.
Claimant suffered an impacted fracture of the right humerus. Her permanency includes a 25% use of the right arm. Her special damages are $45. No loss of earnings has been shown.
For her injuries, pain and suffering, and disbursements, claimant is hereby awarded the sum of $2,895 in full accord for all damages past, present and future.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.